# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SABINA RUBAKHA | : |
| | : |
| | : |
| v. | : Civil No. CCB-13-2670 |
| | : |
| | : |
| KENNETH J. BREITBART & | : |
| ASSOCIATES, P.A. | : |

## MEMORANDUM

Plaintiff Sabina Rubakha filed this action against Kenneth J. Breitbart & Associates, P.A. ("Breitbart") claiming the defendant violated the Fair Debt Collection Practices Act ("FDCPA") in its attempts to collect a debt Rubakha owed. At the close of discovery, Rubakha filed a motion to voluntarily dismiss the action with prejudice. (ECF No. 16.) Although Breitbart does not oppose the dismissal, it seeks to have dismissal conditioned on the payment of its attorney's fees by Rubakha and her counsel, Sergei Lemberg. For the reasons below, Rubakha's motion to dismiss will be granted and will not be conditioned on the payment of Breitbart's fees.

## BACKGROUND

Breitbart represented CACH, LLC ("CACH") in its attempts to collect a debt owed by Rubakha. (*See* Def.'s Opp'n Ex. 1, ECF No. 18-1.) CACH obtained a default judgment against Rubakha on September 8, 2008, for $2,912.30, (*id.*), but had difficulty obtaining assets from her to satisfy it. According to the complaint in this case, filed on September 13, 2013, and amended on November 7, 2013, Breitbart made repeated harassing phone calls to Rubakha to attempt to collect the debt, even after she sent the law firm a cease and desist letter, and falsely represented to her that it was calling on behalf of "the bank". (Am. Compl., ECF No. 8, ¶¶ 16-21.) The case

proceeded through discovery, which closed April 21, 2014. (*See* Scheduling Order, ECF No. 13.) In discovery, Rubakha served interrogatories and requests for document production on Breitbart, to which Breitbart provided responses. (*See* Def.'s Opp'n Exs. 8, 9, ECF Nos. 18-8, 18-9.) On the same day discovery closed, Rubakha filed her motion to dismiss. Breitbart claims Rubakha and her counsel brought and maintained the lawsuit in bad faith and that dismissal thus should be granted with the condition that Rubakha and her counsel pay its attorney's fees pursuant to 28 U.S.C. § 1927 and 15 U.S.C. § 1692k.[1]

## ANALYSIS

28 U.S.C. § 1927 provides for the imposition of sanctions on attorneys who "multiply proceedings" and thus abuse the court process. *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). An attorney cannot be sanctioned under § 1927 just because the claim ultimately is found meritless. *See id.* Instead, he must have "multiplie[d] the proceedings . . . unreasonably and vexatiously." *Id.* (internal quotation marks and citation omitted). Bad faith on the part of the attorney is a precondition to sanctions under the statute. *Equal Employment Opportunity Comm'n v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012). The Fourth Circuit has found bad faith where an attorney brought a claim under circumstances indicating he knew it had no reasonable basis. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999); *see also Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir. 1984) (finding that sanctions under § 1927 could be imposed only where an attorney intentionally filed a claim lacking any plausible basis).[2] Breitbart has failed to demonstrate Lemberg filed this lawsuit, or maintained it, with such knowledge here.

---

[1] Breitbart does not move for sanctions under Federal Rule of Civil Procedure 11.
[2] The court notes that the standard Breitbart cites from the Sixth Circuit is not actually its articulation of what is required for a finding of bad faith. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

According to Breitbart, Lemberg's bad faith in filing suit is evidenced by his alleged failure to reasonably investigate Rubakha's claim beforehand. Breitbart apparently believes that, had Lemberg properly investigated, he would have discovered Rubakha's claims were meritless. As support, Breitbart points to 1) the fact that Lemberg's website boasts he has handled over 8,000 cases, (Def.'s Opp'n Ex. 10, ECF No. 18-10); 2) Rubakha's testimony at an April 2, 2014, hearing in the underlying collection suit that she talked to Lemberg for five minutes to provide him with information about the case when she first contacted him, (Def.'s Opp'n Ex. 5, ECF No. 18-5, at 23:17-24:5); and 3) the complaint's incorrect identification of the debt, (*see* Def.'s Opp'n Ex. 6, ECF No. 18-6, ¶ 8). The court notes first that there is no indication of the timeframe in which Lemberg has handled 8,000 cases. Accordingly, this fact alone provides no evidence of his or his law firm's workload and ability to investigate a case at any one time. Further, although Rubakha's testimony regarding her interactions with Lemberg indicates Lemberg may have failed to inform his client adequately of what was going on in the proceedings, it is not evidence that he knew her claim was entirely without merit, or unreasonably failed to investigate it, before filing suit. Indeed, it provides no evidence of what they even talked about. Similarly, the identification of the incorrect debt in the complaint indicates Lemberg needs to take more care in drafting his filings, but it alone cannot provide the basis of demonstrating bad faith.

Breitbart also claims Lemberg's bad faith is evidenced by his failure to dismiss the lawsuit immediately upon discovering that a relevant document was not in the possession of either Rubakha or Breitbart, or as soon as Rubakha asked him to dismiss it. First, Breitbart mischaracterizes Rubakha's testimony regarding the dismissal of the lawsuit. She testified that it

was her attorney who told her the claim should be dismissed, (Def.'s Opp'n Ex. 5 at 22:21-23:2, 25:19-26:8), not that she initially asked that it be dismissed.  Indeed only 17 days after she testified, on April 21, 2014, Lemberg did in fact move to dismiss the claim on Rubakha's behalf.  In addition, Lemberg's failure to confirm to Breitbart his belief and communication to his client that the case may need to be dismissed, (Def.'s Opp'n Ex. 7, ECF No. 18-7, at 6), does not mean he was unreasonably continuing the litigation.  In fact, it does not appear Breitbart expended any resources in further defending the case between the date Breitbart sought confirmation and when Rubakha moved to dismiss.

     Second, that Lemberg knew by the end of December 2013 that neither party had the cease and desist letter, (*see* Def.'s Opp'n Ex. 7 at 1-4), is not evidence sufficient to demonstrate Lemberg continued the litigation knowing the claim was meritless.  There is nothing to suggest the existence of that letter was the sole basis on which Rubakha's claims could move forward.  As Rubakha points out in her reply memorandum, she still could have testified to its existence, although such evidence would likely not be as strong.  In addition, Rubakha made claims unrelated to the letter in her complaint.  (*See* Am. Compl. at ¶¶ 26-29.)  Further, it appears that, at least through April 4, 2014, Lemberg was still waiting for Breitbart to produce some discovery.  (*See* Def.'s Opp'n Ex. 7 at 6.)

     Instead of demonstrating bad faith, Breitbart has, at most, shown that Lemberg lacked care in his relationship with Rubakha and work product and that he concluded, after discovery, that it was better to dismiss the claim than to move forward with the evidence he did have.  There is nothing to suggest Lemberg intentionally filed or continued the lawsuit with knowledge that

Rubakha had no claim.  Sanctions are not, therefore, warranted under 28 U.S.C. § 1927.[3]  *See Griffin Whitaker, LLC v. Torres*, 2010 WL 3895384, at *5 (D. Md. Oct. 1, 2010) (noting that "[c]ourts have imposed sanctions under [§ 1927] only when there is a clear showing of bad faith: when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose." (internal quotation marks and citation omitted)).[4]

Section 1692k(a)(3) of Title 15 of the United States Code also requires a showing of bad faith.  *See* 15 U.S.C. 1692k(a)(3) (stating the court may award attorneys' fees to the defendant where it finds an FDCPA action was "brought in bad faith and for the purpose of harassment"). For the same reason Breitbart cannot recover attorney's fees under § 1927, therefore, he cannot recover attorney's fees under § 1692k.  *See Shah v. Collecto, Inc.*, 2005 WL 2216242, at *14 (D. Md. Sept. 12, 2005) (evaluating a claim for sanctions under § 1692k and noting that bad faith "is not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (quoting *Black's Law Dictionary* 139 (6th ed. 1990)) (internal quotation marks omitted)).

---

[3] Breitbart also claims Rubakha had bad motives in filing suit. The claim is based on Rubakha's testimony that the federal lawsuit did not work because Breitbart did not stop its collection efforts and she did not get her money back. (*See* Def.'s Opp'n Ex. 5 at 24:3-5.)  That Rubakha, a lay person unfamiliar with law and legal process, characterized her claims for unfair debt collection practices in this way is hardly evidence of some nefarious motive.

[4] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

## CONCLUSION

For the reasons stated above, Rubakha's motion to dismiss will be granted and neither she nor her counsel will be required to pay Breitbart's attorney's fees.  A separate order follows.

<u>May 30, 2014</u>                                               <u>           /s/                            </u>
         Date                                                             Catherine C. Blake
                                                                                 United States District Judge